UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KRISTAN D. NELSON,

        Plaintiff

        v.                          Case No. 1:11-cv–335-HJW

CLERMONT COUNTY VETERANS'
SERVICE COMMISSION, et al.,

        Defendants

### ORDER

Pending is the defendant's "Motion to Dismiss" (doc. no. 26), which the plaintiff opposes. Having fully considered the pleadings, the parties' briefs, and applicable authority, the Court will <u>grant</u> the motion for the following reasons:

### I.  Factual Allegations and Procedural History

In her amended complaint, plaintiff indicates that she was hired by the Veteran's Service Commission ("VSC") in Clermont County, Ohio, as an administrative assistant in 2002 (doc. no. 6, ¶ 5). In January of 2007, Danny Bare became her new supervisor (¶ 7). In December of 2008, he gave her an overall performance rating of "Very Good." In August of 2009, Ms. Nelson discovered that her child had been injured by unknown assailants several months earlier in June of 2009. According to plaintiff, she and her daughter both developed extreme anxiety, depression, and posttraumatic stress disorder ("PTSD") (¶ 8). Plaintiff requested,

and was granted, five weeks of FMLA leave from September 29, 2009 through November 8, 2009 "to care for her daughter during her mental health crisis" and "to cope with her own serious health condition" (¶¶ 8- 9).

When plaintiff returned to work on November 9, 2009, she alleges that Mr. Bare summoned her to his office and, in the presence of Mark Coyle, a senior VSC officer, asked her for a breakdown of her workflow, including the specific amount of time she spent on each of her job duties on a daily, monthly, and annual basis (¶ 12). That day, they also discussed some overtime hours she claimed to have worked several months earlier, but had not reported (¶ 13). According to plaintiff, Mr. Bare insisted that she submit an amended time report accurately reflecting her hours. Plaintiff submitted claims for overtime and received payment.

After her FMLA leave concluded, plaintiff alleges that it was "necessary" on occasion for her daughter to accompany her to work, due to the daughter's PTSD (¶ 11). According to plaintiff, Mr. Bare informed her on November 13, 2009, that it was not appropriate for her teenage daughter to be present in the workplace (¶ 14) and that she "must choose between caring for her daughter or keeping her job" by November 18, 2009 (¶ 15). Plaintiff met with Elizabeth Mason, Asst. Prosecuting Attorney for Clermont County, on November 16, 2009, to inquire about filing a grievance (¶ 17). Plaintiff indicates that Ms. Mason informed Mr. Bare by telephone that plaintiff was considering filing a grievance against him (¶ 18). Plaintiff alleges that when she returned to the office, Mr. Bare was angry, told her he had lost all confidence in her, and criticized her work (¶¶ 19-21).

Two days later, on November 18, 2009, plaintiff proposed to Mr. Bare that she work a 35-hour work week schedule, with no lunch time and the work day ending at 2:30 p.m. in order to "care for her suffering daughter" (¶ 22). According to plaintiff, Mr. Bare advised her that she could either resign or be fired because her "declining performance to undermine me (sic)" (¶ 23).[1]

On November 20, 2009, plaintiff received a letter informing her that a pre-disciplinary hearing was scheduled on November 24, 2009 for charges against her (¶¶ 24-25). Except for a brief reference to unauthorized overtime, plaintiff's amended complaint does not identify the nature of these charges. Plaintiff acknowledges that she presented no evidence at the pre-disciplinary hearing, but contends that the letter stating the charges was "vague" (¶ 26). She submitted a written rebuttal after the hearing (¶ 27). Hearing Officer Sgt. Michael McConnell of the Clermont County Sheriff's Department subsequently determined that the VSC had substantiated the charges against plaintiff (¶ 28). Plaintiff complains that the officer "ignored" her rebuttal letter (¶ 29) and alleges that the prosecutor (Ms. Mason) threatened to indict her for submitting claims for unauthorized overtime (¶ 30). Plaintiff contends that this threat was made to "deter" her from pursuing claims and to "retaliate" against her for pursuing claims (¶ 30).

On May 14, 2010, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and Ohio Civil Rights Commission

---

[1]Plaintiff has apparently omitted some words from this sentence, but its meaning is still discernible.

("OCRC") (¶ 31). In that charge, she named only the VSC as her employer and indicated she was alleging discrimination based on "disability" (doc. no. 13, attached "Charge"). Plaintiff received a "Right to Sue" letter dated April 7, 2011.

On May 20, 2011, plaintiff filed a six-count federal complaint, alleging pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq., and Ohio R.C. §§ 4112.01(A) and (I). She also alleged intentional infliction of emotional distress under Ohio common law. Plaintiff named a single defendant – the VSC – as her employer. Plaintiff then amended her complaint to add a second defendant ("Board of County Commissioners") as "employer"(doc. no. 6). Upon motion, the Court dismissed the Board because it was not plaintiff's employer as a matter of law (doc. no. 25 "Order" of March 15, 2012). The VSC then filed the present motion to dismiss Counts One and Two of the amended complaint (doc. no. 26). The plaintiff responded (doc. no. 27), and defendant replied (doc. no. 28). This matter is fully briefed and ripe for consideration.

## II. Issues Presented

The main issues before the Court are: 1) whether to dismiss the plaintiff's ADA claims because the VSC is not a covered employer with the requisite number of employees; and 2) whether to dismiss the plaintiff's state claim of "disability discrimination" for failure to state a claim because the amended complaint does not sufficiently allege a) that plaintiff is "disabled" and b) that she sought, and was denied, reasonable accommodation for her own disability.

III. Standard of Review

Initially, the Court observes that because the VSC answered the complaint on June 29, 2011, it must raise its motion under Rule 12(c) rather than Rule 12(b)(6). See Fed.R.Civ.P. 12(h)(2)(B) (allowing a party to raise the "failure to state a claim" defense in a motion for judgment on the pleadings pursuant to Rule 12(c)). Federal courts apply the same standard to Rule 12(b)(6) and 12(c) motions. Poplar Creek Development Co. v. Chesapeake Appalachia, LLC, 636 F.3d 235, 240 (6th Cir. 2011); Sensations, Inc., v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008); Lindsay v. Yates, 498 F.3d 434, 437 (6th Cir. 2007). Therefore, defendant's motion will be construed as a motion pursuant to Rule 12(c).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." Id. "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic, 550 U.S. at 555. A plaintiff must provide the grounds for entitlement to relief "rather than a blanket assertion of entitlement to relief." Id. at fn.3.

IV.  Discussion

A.  Whether to Dismiss Plaintiff's ADA Claim in Count One

In Count One, plaintiff alleges that she was discriminated against "because of her disability and request for a reasonable accommodation" (doc. no. 6 at ¶ 39).

The defendant VSC correctly asserts that the ADA is applicable only to a "covered" employer, i.e. an employer with 15 or more employees.  Specifically, the ADA, at 42 U.S.C. § 1211(5)(A), provides:

> The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

The threshold number of employees is an element of the plaintiff's ADA claim. **Arbaugh v. Y & H Corp.**, 546 U.S. 500, 516 (2006) (and further noting that this element is not jurisdictional).

To state a viable claim under the ADA, a complaint must indicate that the defendant is actually a covered employer with the requisite number of employees under the statute.  Plaintiff's amended complaint fails to indicate the number of people employed by the VSC, and plaintiff appropriately concedes in her response that the VSC lacks the requisite number of employees to be a "covered" employer for purposes of the ADA (doc. no. 27 at 3).  Moreover, plaintiff's OCRC charge indicates

that the VSC has only eleven employees (doc. no. 13, Ex. 1). A court may properly consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein" without converting the motion to one for summary judgment. Rondigo, L.L.C. v. Township of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011); Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 (6th Cir. 2008). Plaintiff's amended complaint specifically refers to this charge (doc. no. 6 at ¶ 31), and the content of the charge is central to the plaintiff's claims. Given that the VSC is not a "covered employer," Count One is subject to dismissal as a matter of law.

The Court notes that plaintiff's disability discrimination claim under Ohio law is not subject to dismissal on this basis. The Ohio statute defines the term "employer" to include "the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." Ohio Rev.Code Ann. § 4112.01(A)(2). The VSC is a political subdivision of Ohio, and thus, meets the definition of "employer" under the statute. Defendant acknowledges this (doc. no. 26 at 4, fn.1).

B. Whether Plaintiff's Amended Complaint Fails to State a Claim of "Disability Discrimination" Under Ohio Law

In Count Two, plaintiff asserts a "disability discrimination" claim under Ohio R.C. § 4112.02 (doc. no. 6 at ¶¶ 40-43). The defendant VSC moves to dismiss this claim because plaintiff has not sufficiently pleaded that she is "disabled," nor has

she pleaded that she sought, and was denied, reasonable accommodation "for her own alleged disability" (doc. no. 26 at 5-7).

### 1. Whether Plaintiff has Sufficiently Pleaded that She is "Disabled"

The Ohio Civil Rights Act specifically provides in relevant part that:

> It shall be an unlawful discriminatory practice:
>
> (A) For any employer, because of the. . . disability . . . of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Ohio R.C. § 4112.02(A).

The parties agree that the elements of a claim of disability discrimination under Ohio R.C. § 4112.02(A) are: (1) the plaintiff was disabled within the meaning of the statute; (2) her employer took an adverse employment action against her, at least in part, based on the disability; and (3) the plaintiff could safely and substantially perform the essential functions of her job despite her disability (doc. nos. 26 at 5; 27 at 6). Both parties cite Hood v. Diamond Prods., Inc., 74 Ohio St.3d 298, 302 (1996). Although Hood set forth the requirements for a prima facie case, the parties agree that Hood identified the "elements" of a disability discrimination claim under Ohio law. See also, Wagner v. Regional Med. Ctr. of Ohio, 194 Ohio App.3d 589, 598 ¶ 22 (Ohio App. 9 Dist. 2011) ("This district and other appellate districts have relied on Hood in determining how the prima facie case under the McDonnell Douglas framework should be articulated."). Of course, the Court here is only considering whether the amended complaint states a claim for which relief may be granted.

**Ohio law defines "disability" as a "physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." R.C. § 4112.01(A)(13). The term "physical or mental impairment" includes "[a]ny mental or psychological disorder, including, but not limited to . . . emotional or mental illness" R.C. § 4112.01(A)(16)(a)(ii).**

**Review of the "factual allegations" section of the amended complaint reflects the allegations that: "both Ms. Nelson and her daughter developed "extreme anxiety and depression, and posttraumatic stress disorder" and that "Ms. Nelson's treating physician noted that Ms. Nelson's condition would periodically flare up, particularly in times of stress, rendering her incapable of working" (doc. no. 6 at 3, ¶¶ 8, 10). While a mere diagnosis by itself is not the same as having impairments of disabling severity, the condition of PTSD, "can be considered a disability if the impairment substantially limits one or more major life activities." Pinchot v. Mahoning Cty. Sheriff's Dept., 164 Ohio App.3d 722-23 (Ohio App. 7 Dist. 2005); Mitnaul v. Fairmount Presbyterian Church, 149 Ohio App.3d 769, 777 (Ohio App. 8 Dist. 2002) ("The mere fact that the appellant suffered from depression is not sufficient, in and of itself, to meet the definition of a handicap under R.C. 4112.01. . . to be handicapped . . . the mental impairment must substantially limit one or more major life activities").**

**Defendant takes exception to the adequacy of the allegation regarding**

"periodic flare-ups" (doc. no. 26 at 6) as a mere possibility and suggests that this is insufficient to state the first element of a disability claim (i.e. that plaintiff was disabled). Plaintiff responds by submitting her attorney's affidavit and exhibit, i.e. a copy of plaintiff's FMLA certification for the period September 29, 2009 to November 18, 2009 (doc. no. 27-1 at 1-5). Plaintiff apparently equates the fact that she took FMLA leave in the past with an ongoing "disability." In any event, it is generally not appropriate to submit evidence for consideration on Rule 12(c) review.

Because a motion to dismiss under Rule 12 is directed solely at the complaint itself, the Court must focus on whether the plaintiff is entitled to offer evidence to support these claims, not whether the plaintiff will ultimately prevail. Bell Atlantic Corp.,127 S.Ct. at 1965. Given that plaintiff alleges in her amended complaint that her condition ("extreme anxiety and depression, and posttraumatic stress disorder") periodically "rendered her incapable of working," and taking plaintiff's allegations as true, the Court will deem these allegations sufficient for purposes of Rule 12. At this preliminary stage of the proceedings, plaintiff is only required to allege sufficient facts, which when accepted as true, "state a claim to relief that is plausible on its face." Iqbal,129 S.Ct. at 1949. Although defendant argues that the amended complaint does not adequately allege that plaintiff's condition "substantially limits" one or more major life activities so as to be disabling, such issue is essentially a question of fact not appropriately addressed here.

In its reply, the defendant VSC points out that plaintiff has attempted to rely on evidence of her FMLA certification without mentioning that her treating physician

also cleared plaintiff to return to work on November 19, 2009 "without restrictions" (doc. no. 28 at 1). When a motion to dismiss under Rule 12 is accompanied by matters outside the pleadings, it is within a district court's discretion to consider such matters and decide the motion as one for summary judgment under Rule 56. This Court declines to consider this information here.

### 2. Whether the Amended Complaint Sufficiently Pleads a Claim for Denial of Accommodation for Plaintiff's Alleged Disability

The defendant argues a second basis for dismissal of this claim, namely, that the amended complaint fails to plead any facts suggesting that plaintiff was "denied accommodation" for her own alleged disability (doc. no. 26 at 7-10). Count One presents the plaintiff's claim of disability discrimination based on a "failure to accommodate" in violation of the ADA, followed by plaintiff's claim of disability discrimination under Ohio law in Count Two. Defendant therefore reasonably characterizes plaintiff's state claim as a "failure to accommodate claim." Plaintiff, however, argues in her response that this claim is also based on her termination, even though Count Two does not so indicate.

Count Two of the plaintiff's amended complaint does not clarify matters and merely recites in conclusory fashion that the defendant "discriminated against Ms. Nelson because of her disability" (doc. no. 6, ¶ 43). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic, 550 U.S. at 555. A plaintiff must provide the factual

grounds for entitlement to relief "rather than a blanket assertion of entitlement to relief." Id. at fn.3.

With respect to accommodation, defendant correctly points out that the plaintiff's amended complaint nowhere alleges any facts indicating that she ever sought an accommodation for any "flare ups" of her alleged "extreme anxiety, depression, and PTSD."  Although plaintiff alleges that she sought a modified work schedule just before the defendant terminated her employment, she indicates the reason for such request was to take care of her daughter. Specifically, the amended complaint indicates that plaintiff proposed "a 35-hour work week schedule, with no lunch time and the work day ending at 2:30, which would allow Ms. Nelson to both care for her suffering daughter, without bringing her to work, and yet satisfactorily meet Ms. Nelson's job responsibilities" (doc. no. 6 at ¶ 22).  The defendant correctly points out that the legal basis for plaintiff's claim of disability discrimination based on failure to accommodate must be plaintiff's own disability, not her daughter's condition (doc. no. 26 at 7-10).

Defendant asserts that a plaintiff who is "disabled" for purposes of R.C. § 4112.02 may establish a discrimination claim by showing that the employer has declined to make a reasonable accommodation for the plaintiff's known disabilities. Niles v. Natl. Vendor Servs, Inc. Slip Copy, 2010 WL 3783426 (Ohio App. 10 Dist). Defendant further asserts that an employee's claim must be dismissed if the employee fails to identify and request a reasonable accommodation for her own disability (doc. no. 26 at 4, citing Niles v. Natl. Vendor Servs, Inc., Slip Copy, 2010 WL

3783426 (Ohio App. 10 Dist.); Johnson v. Cleveland City School Dist., 443 Fed. Appx. 974 (6th Cir. 2011); Tubbs v. Formica Corp., 107 Fed. Appx. 485, 488–89 (6th Cir. 2004)). While the cases cited by defendant all involved summary judgment, the amended complaint in the present case does plainly indicate on its face that plaintiff sought the modified schedule to care for her daughter, rather than her own alleged condition.[2]

To the extent Count Two is alleging that plaintiff was "discriminated" against due to her daughter's disability, the Court of Appeals for the Sixth Circuit has observed that there is no such "associational" discrimination claim under Ohio law. Smith v. Hinkle Mfg., Inc., 36 Fed. Appx. 825, 830–31 (6th Cir. 2002) (pointing out that, unlike the ADA, the Ohio discrimination statute "contains no comparable prohibition against associational discrimination"); Berry v. Frank's Auto Body Carstar, Inc., 817 F.Supp.2d 1037, 1047-48 (S.D.Ohio 2011) ("This Court has followed the holding of Smith, as has the Northern District of Ohio."); Sturgeon v. So. Ohio Med. Center, 2011 WL 5878387 (S.D. Ohio) (J. Delott) (holding that there "is no associational disability claim under Ohio law" and that plaintiff's claim failed as a matter of law); Winkelmann v. Big Lots Stores, Inc., 2009 WL 3788673, at *1 (S.D.Ohio 2009) ("the Ohio discrimination statute, unlike federal law, contains no prohibition against associational discrimination"); Baker v. City of Toledo, Ohio, 2007 WL 1101254, at *6 (N.D.Ohio 2007) ("The Ohio statute contains no similar provision for 'associational

---

[2]In Count Three, plaintiff separately alleges she was terminated in retaliation for using FMLA leave (doc. no. 6 at ¶¶ 44-51).

disabilities' and, therefore the Court holds there is no such claim under state law."); Anthony v. United Telephone Co. of Ohio, 277 F.Supp.2d 763, 776 (N.D.Ohio 2002) (holding that "Ohio law does not recognize such a claim").

To the extent the plaintiff's disability discrimination claim under Ohio R.C. § 4112.02(A) is based on this theory, her claim fails as a matter of law. Plaintiff attempts to overcome this shortcoming in pleading by suggesting that an accommodation for the purpose of taking care of her daughter would "mitigate Ms. Nelson's own stress and PTSD flare-ups" (doc. no. 27 at 13). She provides no persuasive authority for this theory. She cites several out-of-circuit ADA cases that do not concern Ohio law and that do not accurately stand for the suggested proposition that she may rely on someone else's disability that is "linked" to her own (Id., citing Estades Negroni v. Assoc. Corp. of N.A., 377 F3d 58, 64 (2004) (holding that the plaintiff's request for an accommodation must be "linked" to the plaintiff's disability that is known to the employer).

V. Conclusion

Plaintiff's ADA claim (Count One) is subject to dismissal because the defendant VSC is not a "covered employer" with the statutorily-required number of fifteen employees. Plaintiff's claim of disability discrimination (Count Two) is subject to dismissal because plaintiff has not alleged that she was denied an accommodation for her own disability, and moreover, there is no "associational" disability cause of action under Ohio law.

Accordingly, the defendant's "Motion to Dismiss" (doc. no. 26) is construed

as a motion pursuant to Rule 12(c) and is **GRANTED**;  Counts One and Two are **DISMISSED**;  this case shall proceed as scheduled.

   IT IS SO ORDERED.

           **s/Herman J. Weber**
         **Herman J. Weber, Senior District Judge**
         **United States District Court**