## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KRISTAN D. NELSON,** | : | **CASE NO. 1:11-cv-335** |
| | : | |
| **Plaintiff,** | : | **Judge Weber** |
| | : | **(Magistrate Judge Bowman)** |
| v. | : | |
| | : | **STIPULATED PROTECTIVE ORDER** |
| **CLERMONT COUNTY VETERANS'** | : | |
| **SERVICE COMMISSION, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

### STIPULATED PROTECTIVE ORDER

To facilitate discovery and protect, pursuant to Federal Rules of Civil Procedure, the confidentiality of and rights to information and documents disclosed in connection with this litigation, the Court hereby orders the following:

1.    **Applicability of This Protective Order**.   All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2.    **Use of Information Produced Pursuant to This Protective Order**. Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "CONFIDENTIAL" pursuant to the terms of this Protective Order ("Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order or ordered by a court of law.  Confidential Material shall be used by the party or parties to whom such information is produced solely for the purpose of litigating this case. Such information shall not be used by or disclosed to any  person or entity other than the receiving party for any use or purpose, unless such disclosure is  authorized by this Protective Order, otherwise agreed to in

writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is referred to as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

       3.     **Confidential Information Designation**. A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action, and that contains trade secrets or confidential research, development, or commercial, financial or personal and/or sensitive information of the Designating Party.

       4.     **Designating and Marking Confidential Material**. Confidential Material shall be designated and marked as follows:

          a.     A document is to be designated as Confidential Material by stamping or writing on it one of the following legends, or an equivalent thereof "CONFIDENTIAL." Whichever legend is used shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

          b.     Information or material produced in a magnetic medium (such as floppy diskette or tape) is to be designated as Confidential Material by marking or labeling the medium or medium container with one of the legends specified in Section 4(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the

2

person or entity producing such copy as Confidential Material in accordance with the marking on the medium or medium container.

        c.     A physical exhibit is to be designated as Confidential Material by affixing to it a label with one of the legends specified in Section 4(a) above.

        d.     A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, one of the legends specified in Section 4(a) above.

        e.     If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Filing of such a deposition shall be under Seal as set forth in Section 11 below.

     5.     **Inadvertent Misdesignation**. A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of the production shall have fifteen (15) business days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

     6.     **Disclosure of "CONFIDENTIAL" Materials**. Information and material designated as "CONFIDENTIAL" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

3

Counsel of record for the parties to this litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel; in-house counsel for the parties and appellate counsel should any party lodge an appeal; outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation together with their clerical or support personnel; or an individual party or representative of a party.

7. **Use of Confidential Material by Designating Party**. Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate.

8. **Jurisdiction**.  Each person receiving Confidential Material under the terms of this Protective Order and executing a copy of this Consent hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

9. **Protecting Confidential Materials**.  Each person who receives any Confidential Material shall exercise due and proper care in connection with the storage, custody, use, and, dissemination of such material, to avoid any intentional or inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Protective Order.

10. **Challenging Designation of Materials as Confidential**.  A party may challenge the designation of Confidential Material only as follows:

a. If a party believes that material designated by another party as "CONFIDENTIAL" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under

4

the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

        b.      If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Designating Party bears the burden to establish that the contested material is entitled to the level of confidentiality attributed to it by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge.

    **11.**    **Submitting Confidential Materials to the Court**. Confidential Material may be submitted to the Court only as follows:

        a.      A party who lodges or files any paper, pleading, exhibit, or other document containing Confidential Material shall state on the first page of the document containing such Confidential Material that the document contains Confidential Material and is submitted under Seal. Any document that is filed in opposition or reply to any such sealed documents and discusses, describes, or quotes any portion of the Confidential Material contained in the sealed documents shall itself be filed under Seal.

        b.      A party who lodges or files any document containing Confidential Material shall submit it to the Court in a sealed envelope that bears the caption of this case and the following legend:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES.**

c.      However, under *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

d.      Anything to be filed under seal must be filed manually as the Court is not yet prepared to accept filings under seal electronically.

12.     **Conclusion of Litigation**.    All provisions of this Protective Order restricting the communication or use of Confidential material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief from judgment under the Fed. R. Civ. P. 60(b)(1-5), a party in possession of Confidential Material, other than that which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than thirty days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

13.     **Use of Confidential Material During Court Proceedings**.    If any Confidential Material is used in any pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material

6

during any such use, including, but not limited to, requesting in camera or closed proceedings.

14.     **Improper Disclosure of Confidential Materials**. If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name. address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person and to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

15.     **No Admissions**.    Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

16.     **Modification of Protective Order**.    Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Consent, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

IT IS SO ORDERED:

_Stephanie K Bowman_
Magistrate Judge

SO STIPULATED:

_/s/R. Scott Hughes_
Robert J. Hollingsworth (0024559)
Susan R. Bell (0069574)
R. Scott Hughes (0071281)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
Tel: 513-852-8229
Fax: 513-852-8222
rjh@corsbassett.com
srb@corsbassett.com
rsh@corsbassett.com
Attorneys for Plaintiff

_/s/ Elizabeth Mason_
Elizabeth Mason (0051967)
Assistant Prosecuting Attorney
101 East Main Street
Administration Building, 2nd Floor
Batavia, Ohio 45103
emason@clermontcountyohio.gov
_Attorney for Defendants_

530895.1